IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MASOUD JANANI, | § | |
| A# 246-573-845 | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-26-CV-455-FB |
| | § | |
| ROSE THOMPSON in Her Official Capacity as | § | |
| Warden of the Karnes County Immigration | § | |
| Processing Center; MIGUEL VERGARA, in His | § | |
| Official Capacity as the Acting Field Director of | § | |
| the ICE San Antonio Field Office; KRISTI | § | |
| NOEM, in Her Official Capacity as Secretary of | § | |
| the Department of Homeland Security; | § | |
| PAMELA BONDI, in Her Official Capacity as | § | |
| the U.S. Attorney General; DEPARTMENT OF | § | |
| HOMELAND SECURITY; TODD M. LYONS, | § | |
| in His Official Capacity as Acting Director of | § | |
| the U.S. Immigration and Customs Enforcement | § | |
| | § | |
| *Respondents.* | § | |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are Petitioner Masoud Janani's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), and Federal Respondents' ("Respondents") Abbreviated Response in opposition thereto (ECF No. 5). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted). After careful consideration, the Court is of the opinion that the Petition should be granted in part.

## BACKGROUND

Petitioner is currently detained at Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's release or a bond hearing.

Petitioner entered the United States on or about February 28, 2023, and was paroled into the

United States on May 12, 2023. As part of the conditions of his release, he was required to report to a Duty Officer at the Immigration and Customs Enforcement at 3523 Crosspoint Dr, San Antonio, TX 78217.  Petitioner was also issued with a Notice to Appear, commencing removal proceedings against him in immigration court.  On or about June 6, 2025, Petitioner went to present himself to the Duty Officer at the Immigration and Customs Enforcement in compliance with the terms of his release. While there, he was detained by the Respondents and has remained in custody since that time.

On January 9, 2026, the Immigration Judge denied Petitioner's request for asylum, withholding of removal, and relief under the Convention Against Torture.  The Immigration Judge made an adverse credibility finding on the belief (which Petitioner is arguing before the Board of Immigration Appeals was mistaken) that Petitioner received his Iranian passport few days before he fled Iran in November of 2022. In fact, the passport was issued in April, and the Petitioner's confusion stemmed from a misunderstanding of the date format. The U.S. uses the format MM/DD/YYYY1 while Iran uses the format DD/MM/YYYY2.  Therefore, 11/04/2022 could either be November 4, 2022, or April 11, 2022 depending on the format used by a particular country.  Under the INA, an Immigration Judge can deny an asylum claim based solely on an adverse credibility finding, and the Immigration Judge's finding of adverse credibility led the Immigration Judge to deny Petitioner's application for asylum.

The Immigration Judge ordered petitioner removed from the United States. Petitioner timely filed an appeal with the Board of Immigration Appeals ("BIA") on or about January 21, 2026.  Because of his pending appeal before the Board of Immigration Appeals, Respondents cannot currently remove Petitioner from the United States. Thus, Petitioner potentially faces months or perhaps longer in civil detention while review of his appeal is pending, and especially if his case is remanded to the Immigration Judge for further proceedings.  It is not likely that the Petitioner's appeal will be decided in less than ten months.

**DISCUSSION**

As alleged, Petitioner's case appears materially indistinguishable from several others in which courts in this District have found a procedural due process violation.  *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d  668, 685-87 (W.D. Tex. 2025).  The Court considers these prior decisions to determine whether the facts of Petitioner's case warrant a different outcome.

A primary issue raised by Petitioner–namely, that detention pursuant to 8 U.S.C. § 1225 and the Board of Immigration Appeals ("BIA") decision in *In re Yajure Hurtado*,[1] 29 I&N Dec.216 (BIA 2025), is unlawful–was rejected by the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Petitioner's position to a bond hearing or release when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  *Buenrostro-Mendez* is binding precedent and requires denial of the Petition as to Petitioner's statutory claim.

However, Petitioner argues detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory grounds *and* constitutional due process grounds. The *Buenrostro-Mendez* decision did not reach the due process question, confining its analysis and holding to statutory interpretation.  *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1-10. And, the case was remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion." *Id.* at *10.  Presumably, those further proceedings will address Mr.

---

[1] Although not controlling here, the *Hurtado* decision was vacated under the APA in  *Bautista v. Santacruz*, ___ F. Supp. 3d ___, Case No. 25-cv-01873-SSS-BFM, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026) ("The Court's initial decision to deny Petitioners' request to vacate *Yajure Hurtado* under the APA was an act of judicial restraint: a formality.  However, based on the representations Respondents have made to the Court, it is evident that further relief is both necessary and proper. The Court **VACATES** *Yajure Hurtado* under the APA." (emphasis in original)).

Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance.[2]

Indeed, Respondents' counsel stated it precisely during oral argument:  "We have one issue before the

Court now:  the statutory question. . . . There's not, in other words, a due process claim here." Oral

Argument, *Buenrostro-Mendez v. Bondi*¸ No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026),

*available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

As our sister court in the El Paso Division previously stated, "*Buenrostro-Mendez* has no

bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation

of [his or] her constitutional right to procedural due process." *Marceau v. Noem*, No. 3:26-cv-237-KC,

2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026).  At least one other court in the El Paso Division has

held the same, granting an immigration detainee's habeas claim days after the decision in *Buenrostro-*

*Mendez.  Hassen v. Noem*, No. 3:26-cv-48-DB, ECF No. 8 at *4 n.1 (W.D. Tex. Feb. 9, 2026),

("*Buenrostro-Mendez* does not change this case's outcome on procedural due process grounds.").

Respondents have argued that due process claims should be denied.[3]  This is so, Respondents

contend, because the Fifth Circuit in *Buenrostro-Mendez* found that *Zadvydas v. Davis* did not apply

to detained aliens who received or were receiving due process through removal proceedings.

Respondents' assertion relies on the following language in the penultimate paragraph of the

*Buenrostro-Mendez* decision:

> The petitioners' fears about potential abuse of detention pending removal proceedings
> under Section 1225b2A [sic] are wholly speculative. In any event, *Zadvydas v. Davis*,

---

[2]  *Buenrostro-Mendez* was consolidated with another case on appeal.  2026 WL 323330, at *3. In that case, the district court also declined to reach the due process claim, granting the  petition solely on statutory grounds. *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *5 n.3 (S.D. Tex. Oct. 8, 2025).

[3]  Although the Petition and the Federal Respondents' Abbreviated Response in this case were filed prior to issuance of the *Buenrostro-Mendez* decision, the Court has conducted its analysis based on the due process issue raised in the Petition, and responses filed by Federal Respondents in other cases post-*Buenrostro-Mendez* addressing this claim.

533 U.S. 678, 678 (2001), has no direct application to aliens who are detained and being given due process during removal proceedings.

2026 WL 323330, at *9 (full citation omitted).

In *Zadvydas*, the Supreme Court considered a challenge to the statute that permits the Government to detain aliens who are subject to final orders of removal. 533 U.S. at 682. The Court held that such detention becomes unlawful once removal is no longer reasonably foreseeable because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 699. Therefore, *Zadvydas* by its very terms squarely applies to post-removal-period-detention. *See id.* But, it "has no direct application" to people who are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *9 (citation omitted), and, the constitutional concerns of indefinite detention raised in the post-final-removal-order context are not equally present when removal proceedings remain pending and will eventually conclude. *See Zadvydas*, 533 U.S. at 697. The Fifth Circuit's reiteration of *Zadvydas*' general inapplicability to pre-final-removal-order-detention is not a ruling on the viability of any and all due process challenges to that detention. *Conforme v. DeAnda-Ybarra*, Cause No. EP-26-CV-263-KC, 2026 WL 381110, at *2 (W.D. Tex. Feb. 11, 2026). "And this aside does not change the fact that the Fifth Circuit only decided the statutory question and did not adjudicate the petitioners' due process claims." *Id.*; *see also Marceau,* 2026 WL 368953, at *2; *Hassen*, No. 3:26-cv-48-DB, ECF No. 8 at *4.

Moreover, numerous immigration decisions finding due process violations in this District have been based on the *Mathews v. Eldridge* test and principles of procedural due process, not on *Zadvydas*. *See, e.g., Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara,* Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025);

*Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025);  and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).  Therefore, *Buenrostro-Mendez* does not preclude Petitioner's procedural due process claim.[4]

Because this Court cannot identify any material differences between Petitioner's case and this District's prior decisions, and because *Buenrostro-Mendez* has no bearing on Petitioner's procedural due process claim, it follows the same result is warranted here.

As to Petitioner's requested relief–immediate release or a bond hearing–*Buenrostro-Mendez* does not change the analysis of the appropriate remedy.  In *Lopez-Arevelo*, the Court found that the appropriate remedy for a procedural due process violation was to require a bond hearing at which Respondents bear the burden of proving by clear and convincing evidence that the detainee poses a danger or flight risk. 801 F. Supp. 3d at 687 (collecting cases). The Court reached this conclusion, not because the statute requires a bond hearing, but because the petitioner's due process rights "[were] violated because he [was] detained without a bond hearing that accords with due process." *Id.*  And the Court has further explained that, in ordering Respondents to provide an immigration habeas petitioner with a bond hearing, it "provides Respondents a final opportunity to give [the petitioner] the process to which he is entitled under the Constitution." *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at 5 n.1 (W.D. Tex. Nov. 10, 2025). "If they do so, then there is no longer a violation." *Id*. If Respondents elect not to provide such a hearing, the petitioner must be immediately released.  *Id.*

---

[4] Courts in this District have already rejected  Respondents' other due process arguments or else did not need not reach them. *See Marceau*,  2026 WL 368953, at *2; *Hassen*, No. 3:26-cv-48-DB, ECF No. 8 at *4 n.1 (W.D. Tex. Feb. 9, 2026); *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1-6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1-5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1-5; *Santiago*, 2025 WL 2792588, at *1-14; *Lopez-Arevelo*, 801 F. Supp. 3d at 674-88.

**CONCLUSION**

After careful consideration of the entire record, and for reasons explained at length in *Mendoza, Fernandez, Marceau*, *Hassen*, *Lala Barros*, *Erazo Rojas*, *Martinez*, *Santiago*, *Lopez-Arevelo,* and many other District decisions involving habeas claims brought by petitioners subject to mandatory detention under the Respondents' new interpretation of 8 U.S.C. § 1225(b), this Petition is granted in part on procedural due process grounds. *See also Arias v. Noem*, ___ F. Supp. 3d ___, Civil Case No. SA-26-CV-415-FB, 2026 WL 255706 (W.D. Tex. Jan. 31, 2026).

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART** such that, on or before March 6, 2026, Respondents shall either: (1) provide Petitioner Masoud Janani with a bond hearing before an immigration judge, at which Respondents shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner Masoud Janani from custody, under reasonable conditions of supervision.  In all other respects, the Petition is **DENIED**.

IT IS FURTHER ORDERED that, on or before March 6, 2026, Respondents shall FILE a notice informing the Court whether Petitioner has been released from custody.  If Petitioner has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the immigration judge's decision.

IT IS FURTHER ORDERED that Respondents are CAUTIONED that a proceeding in which bond is denied by the immigration judge for lack of jurisdiction will not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore, immediate release from custody is REQUIRED.  Respondents **MUST** notify Petitioner's counsel of the exact location and exact time of release, if applicable, as soon as practicable and no less than two hours before release.

IT IS FINALLY ORDERED that Petitioner's request for an award of reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, is DENIED.[5] Motions pending, if any, are DISMISSED AS MOOT, and the Clerk of Court is DIRECTED to CLOSE this case.  A Final Judgment will issue separately.

It is so ORDERED.

SIGNED this 27th day of February, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[5] *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).